# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff(s),<br><br>v.<br><br>ERIK HOLMAN,<br><br>            Defendant(s). | 2:11-CR-457 JCM (CWH) |

# ORDER

Presently before the court is an emergency motion *in limine* by defendant Erik Holman (Doc. # 78).

Also before the court is a motion objecting to the government's proposed voir dire by defendant Erik Holman. (Doc. # 95).

**I.      Legal Standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion").

. . .

**James C. Mahan**
**U.S. District Judge**

1  "[I]n limine rulings are not binding on the trial judge [who] may always change his mind
2  during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469
3  U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence
4  unfolds in an unanticipated manner). "Denial of a motion *in limine* does not necessarily mean that
5  all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without
6  the context of trial, the court is unable to determine whether the evidence in question should be
7  excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

**II.      Discussion**

The court will address only those facts which are pertinent to resolution of the instant motions.

**A.      Defendant's motion *in limine* to exclude evidence of an alleged "suicide pact"**

With this motion, defendant seeks to exclude the testimony of an alleged suicide pact between defendant and his alleged co-conspirator, John Provost. He asserts that presentation of the alleged suicide pact would tend to confuse or mislead the jury and should be excluded under Federal Rule of Evidence 403.

The court agrees that presenting information regarding a suicide pact between these two men would cause unnecessary confusion, and that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. The suicide pact in question does not strongly indicate that defendant is guilty of conspiracy or wire fraud, and presentation of this evidence would raise an irrelevant question in the mind of the jury as to why Provost committed suicide and defendant did not. Because this is not material to the elements of the offense, the court will grant defendant's motion *in limine*.

**B.      Defendant's objection to the government's proposed voir dire**

Defendant objects to question #16 of the government's proposed voir dire: "Do any of you feel that violations of income tax laws should not be prosecuted as crimes by the United States?"

As the charges in this case involve wire fraud and not income tax evasion, this question has no possibility of informing the court or the parties as to whether potential jurors will be impartial.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Therefore, the court will decline to ask question # 16 of the prospective jurors at voir dire.

2  Accordingly,

3  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion *in limine*
4  to exclude evidence of a suicide pact (doc. # 78) be, and at the same time hereby is, GRANTED.

5  IT IS FURTHER ORDERED that defendant's motion objecting to the government's proposed
6  voir dire (doc. # 95) is GRANTED.

7  DATED February 28, 2014.

  *James C. Mahan*
  UNITED STATES DISTRICT JUDGE