UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:11-CR-457 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| ERIC HOLMAN, | |
| Defendant(s). | |

Presently before the court is petitioner Erik Holman's ("petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 159). The government filed a response (ECF No. 166), to which petitioner replied (ECF No. 168).

**I.  Facts**

Petitioner was charged with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (count one) and 14 counts of wire fraud in violation of 18 U.S.C. § 1343 (counts two through fifteen) and was indicted by a federal grand jury in December 2011. (ECF No. 1). On July 8, 2013, petitioner filed a motion to dismiss alleging that the government failed to preserve potentially exculpatory evidence and acted in bad faith by failing to acquire that evidence. (ECF No. 62). The government responded, and petitioner replied. (ECF Nos. 63, 65). The magistrate judge recommended denying the motion to dismiss, to which defense counsel did not object. (ECF No. 72). The court adopted the magistrate judge's report and recommendation in its entirety. (ECF No. 81).

In March 2014, petitioner was found guilty of all 15 counts by a jury. (ECF No. 106). On October 23, 2014, petitioner appeared before the court and was sentenced to 37 months imprisonment concurrently on all claims. (ECF No. 138). Petitioner filed a notice of appeal on

November 4, 2014. (ECF No. 143). Petitioner argued on appeal that the government failed to preserve potentially exculpatory evidence and acted in bad faith by failing to acquire that evidence; the Ninth Circuit barred these arguments because, by failing to respond to the magistrate's report and recommendation, defendant waived the right to challenge the magistrate's factual findings. *See United States v. Holman*, 633 F. App'x. 404 (9th Cir. Jan. 29, 2016); (ECF No. 159).

Petitioner filed the instant motion to vacate on April 6, 2017, alleging ineffective assistance of counsel because counsel failed to object to the magistrate's factual findings in the report and recommendation and thereby failed to preserve the issue for appeal. (ECF No. 155). Petitioner also reasserts prosecutorial misconduct and government violations of *Brady v. Maryland*, 373 U.S. 83, (1963). (ECF No. 159).

**II. Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

**III. Discussion**

In the instant motion, petitioner asserts (1) ineffective assistance of counsel, (2) prosecutorial misconduct, and (3) government violations of *Brady v. Maryland*. (ECF No. 159). As an initial matter, the second and third issues raised by petitioner are barred by the petitioner's direct appeal on those issues. *United States v. Hayes*, 231 F.3d 1132, 1139, (9th Cir. 2000) (citing *United States v. Redd*, 759 F.2d 699, 700–01 (9th Cir. 1985)) ("When a defendant has raised a

claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition.").

The *Brady* violation was heard on appeal when considering whether there was evidence presented in defendant's motions that exculpatory emails were suppressed by the government. (ECF Nos. 62, 159). The magistrate judge concluded that the government never possessed the allegedly exculpatory emails in the first place, that the petitioner presented no evidence showing the emails were in fact exculpatory, and that the government was had no duty to procure those emails if they were. (ECF No. 72). The petitioner seeks to relitigate these issues under the guide of a *Brady* violation.

Even allowing the *Brady* violation argument, petitioner must prove: "(1) [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued." *United States v. Williams*, 547 F.3d 1187, 1202 (9th Cir. 2008) (quoting *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)) (internal quotation marks omitted). The petitioner, here, once again fails to provide evidence that the emails were, in fact, "favorable to the accused" or that the evidence was suppressed by the state. (*See* ECF No. 159).

As to the ineffective assistance of counsel claim, a petitioner must show:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the present case, the court "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citations and quotation marks omitted).

Here, the petitioner has failed to satisfy either prong. Petitioner does not show that counsel's performance was deficient, considering the arguments pertaining to the government's alleged misconduct and evidentiary violations were presented to the court in the motion to dismiss, an evidentiary hearing was held, and the motion was denied. (ECF Nos. 62, 70, 72, 81). Moreover,

petitioner does not prove "that the error actually had an adverse effect on the defense and that there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different." *Strickland*, 466 U.S. at 693–94. Even if petitioner had preserved his right to appeal the factual findings of the magistrate judge, the motion to dismiss would have been dismissed, and that finding upheld on appeal. (ECF No. 159) ("[T]he magistrate judge **correctly concluded** that the Government did not act in bad faith." (emphasis added)). Accordingly, the petitioner's motion to vacate will be denied.

## IV. Certificate of appealability

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

**V.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Erik Holman's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 159) be, and the same hereby is, DENIED.

DATED June 21, 2017.

_____
UNITED STATES DISTRICT JUDGE